THE RONDOUT NATIONAL BANK OF KINGSTON, Respondent, v. BARTLEY SCOW Co., INC., Appellant, and Another.— Action by plaintiff on promissory notes. Defendant's answer stricken out on affidavits. Summary judgment ordered. It does not appear that bank had any agreement with the defendants extending time of payment of notes. Order and judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

EMIL BOUSA, an Infant, by SADIE BOUSA, His Guardian ad Litem, Respondent, v. WILLIAM GARRETT, Appellant.—Appeal from a judgment, entered upon the verdict of jury, in favor of plaintiff, in action for negligence; also from order denying motion for new trial. Plaintiff, aged eight, was a pedestrian on the highway, and was struck by defendant's automobile. Defendant claimed that the plaintiff was coasting on a sled. This was question of fact. Defendant also insists that the verdict of $2,000 was excessive. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

LeRoy A. BUNNELL, an Infant, by MILDRED BUNNELL, His Guardian ad Litem, Respondent, v. FRANK P. KEARNEY and Another, Appellants.—A boy of fifteen, who was in the fourth grade in school, was walking in the daylight on the right side of a State highway where there were no sidewalks. A truck, approaching from the rear, gave no warning and the boy did not know of the presence of the truck until he was struck. Both legs were broken and he sustained lesser injuries. A verdict was rendered for $5,000. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAUTH & MOHR TAXPAYER HOLDING CORPORATION, Relator, v. JOHN P. HENNESSEY and Others, Constituting the State Tax Commission, Respondents.—The relator, a real estate corporation, had a capital of $10,000 and an earned surplus of $349,802.51. From July 10 to September 18, 1931, five corporations were organized and the capital stock was acquired by one corporation. All these corporations had the same stockholders and the same officers. A part of the $349,802.51, earned surplus of the parent corporation, was transferred in different proportions to the corporations thus organized and for it capital stock of the new corporation, of no par value, was transferred to the parent corporation and by it distributed to stockholders. Question whether taxable under subdivision 1 of section 182 of the Tax Law as a dividend. It was so taxed by the State Tax Commission. The surplus thus transferred to these different corporations would not be taxable if distributed by them, because it would have been paid in surplus rather than the earned surplus. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.